UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DELLAPORTAS,

                Plaintiff,

vs.

HANA SHAHIN,

                Defendant.

Civil Action No. 1:24-cv-00793-VM

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the undersigned parties, subject to the approval of the Court, that the following Stipulated Protective Order (the "Order") shall govern the handling of all documents, materials, information, responses to written discovery, deposition testimony, and deposition exhibits (collectively, "Discovery Material") provided to any party to the above-captioned action (the "Action"), through formal or informal means in the Action, by any "Subject Person," as defined herein. In accordance with the parties' stipulation, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. Plaintiff John Dellaportas ("Plaintiff") and Defendant Hana Shahin ("Defendant"), and certain non-parties that may respond to discovery in this Action, are engaged in other litigation and in proprietary business activities and could suffer immediate and irreparable harm if certain Discovery Material were disclosed without adequate safeguards.

2. As used in this Order, the term "Subject Person" means any party to this Action, their counsel, and any other person making itself subject to this Order by signing an Acknowledgment in the form attached hereto as Appendix A. For the avoidance of doubt, parties to this Action and their counsel do not need to sign this Acknowledgment.

11335684

3. Subject to the following Paragraph 4, any Subject Person producing or disclosing Discovery Material in this Action (hereinafter, a "Producing Party") may designate all or a portion of such Discovery Material as "Confidential." Such a designation shall constitute a representation by the Producing Party that it believes in good faith that the Discovery Material so designated contains non-public proprietary or sensitive information or personal information or other legally protectable information whose unrestricted disclosure could cause competitive or other injury to the Producing Party. Subject Persons shall reasonably limit in scope all "Confidential" designations. All Discovery Material designated as "Confidential" shall be handled in strict accordance with the terms of this Order.

4. No Subject Person shall unilaterally designate as "Confidential," or have any obligation to designate as "Confidential," any Discovery Material that is produced or disclosed by any other party or non-party to this Action.

5. A Producing Party designating Discovery Material as "Confidential" shall do so in any way reasonably calculated to advise the other Subject Persons of that designation, including but not limited to by:

(a) During a deposition, indicating on the record that certain testimony is designated as "Confidential";

(b) After a deposition, notifying all parties in writing no later than 30 days from receipt of the transcript that certain testimony is designated as "Confidential";

(c) Affixing appropriate labels to such designated Discovery Material; or

(d) Designating specific Discovery Material as "Confidential" in correspondence provided to all parties to this Action.

For a period of 10 days from the date of delivery by the reporter, Subject Persons shall treat each

deposition transcript as "Confidential" in its entirety.

6. Subject Persons receiving "Confidential" Discovery Material may disclose such Discovery Material only to:

(a) A lawyer for a party in this Action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff, including secretaries, paralegals and document clerks;

(b) Each party to this Action, any insurer or reinsurer, and any other person to whom the parties (or their counsel) have a contractual, regulatory or statutory obligation to report;

(c) Independent experts or consultants retained by a party to this Action for the purpose of assisting in this litigation, including their staff, but only as necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

(d) Any witness in this Action, and his or her counsel, but only for the witness's review in preparation for or during his or her deposition or in preparation for his or her testimony at trial or a hearing in this Action;

(e) Mediators, arbitrators, or similar outside parties and their staffs enlisted by the parties in this Action to assist in its resolution;

(f) Outside commercial copying or electronic document hosting services;

(g) Privately retained reporters, videographers or transcribers;

(h) The Court and its personnel;

(i) Any person to whom the information justifying the Discovery Material's designation as "Confidential" has previously been disclosed by the Producing

        Party; and

(j)      Any other person for whom the party receiving the information can show good cause.

Notwithstanding the foregoing, nothing in this Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon "Confidential" Discovery Material in rendering such advice.

7.      Subject Persons receiving Discovery Material designated as "Confidential" shall:

(a)      not disclose such Discovery Material except as permitted under this Order;

(b)      use such Discovery Material only in the prosecution or defense of this Action; and

(c)      maintain such Discovery Material in a manner reasonably designed to prevent unauthorized disclosure.

8.      Any and all persons receiving Discovery Material designated as "Confidential" pursuant to this Order shall be provided with a copy of this Order.

9.      This Order shall apply only to the pretrial process. The Court will consider the treatment of "Confidential" Discovery Material at trial of this Action at a later date. A party who seeks to introduce protected information at a pre-trial hearing or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.

10.      Any party who wishes to file "Confidential" Discovery Material (including any document quoting from or referring to the substance of "Confidential" Discovery Material) with the Court may do so only after seeking and obtaining permission from the Court to file such "Confidential" Discovery Material under seal in accordance with the relevant procedures of the United States District Court for the Southern District of New York (see https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_training/SDNY%20Sealed%20Filing%

20in%20ECF.pdf). The party filing, or seeking leave to file such "Confidential" Discovery Material under seal must prominently mark the submission with the caption of the case and the following statement or a substantially similar statement:

**CONTAINS CONFIDENTIAL MATERIAL**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CIVIL ACTION NO. 1:24-cv-00793-VM (S.D.N.Y.)**

11.   A Subject Person who files "Confidential" Discovery Material under seal shall also mark the cover page of each such document with the legend "FILED UNDER SEAL." Documents filed under seal will be maintained separately from the public records in this Action, and shall be released only to persons entitled to have access to such materials under this Order, as further ordered by the Court, or as is permitted under the Clerk's normal procedures pertaining to documents filed under seal.

12.   Nothing in this Order shall prevent the disclosure of Discovery Material designated as "Confidential":

(a)   by the Producing Party who designated such Discovery Material as "Confidential";

(b)   by Subject Persons under terms consented to by the Producing Party who designating such Discovery Material as "Confidential"; or

(c)   by Court Order.

13.   A Producing Party inadvertently disclosing "Confidential" Discovery Material without the proper designation may, within 10 business days of learning of such disclosure, substitute properly designated Discovery Material for the Discovery Material that was inadvertently disclosed without designation. A Subject Person receiving such subsequently designated Discovery Material shall within 10 business days of receipt of the subsequently

designated Discovery Material:

    (a)    give notice to each other Subject Person to whom the receiving Subject Person disclosed undesignated Discovery Material;

    (b)    attempt to retrieve all previously-disclosed copies of such Discovery Material; and

    (c)    substitute the properly-designated Discovery Material.

14.    Any Subject Person who receives from persons not subject to this Order a request or demand otherwise effective under state or federal law for Discovery Material designated as "Confidential" by any other Subject Person shall:

    (a)    give written notice to the designating Subject Person and to all parties to this Action within 10 business days of receiving the request or demand; and

    (b)    withhold production of the Discovery Material for as long as permitted by law or until authorized to disclose the Discovery Material by the Court or the designating Subject Party.

Nothing in this Order, however, shall prevent any Subject Person from, after providing the written notice described in this paragraph, disclosing any such Discovery Material by the date indicated by an administrative or court order, demand, summons, subpoena, or other request or demand from any governmental agency or grand jury.

15.    A Subject Person shall not be obligated to challenge the designation of Discovery Material as "Confidential" by another Subject Person at the time the Discovery Material is designated, and the failure to challenge the designation at that time shall not preclude a later challenge. Upon a challenge to a designation of Discovery Material as "Confidential," the Subject Persons shall first try to resolve such dispute in good faith and on an informal basis. If the Subject Persons cannot resolve their dispute informally, then the Subject Person seeking the confidentiality

protection shall have the burden of applying to the Court for a protective order specific to the Discovery Material at issue and bears the burden of proof.

16. Any inadvertent production or disclosure of documents or electronically stored information ("ESI") subject to any legally cognizable privilege or evidentiary protection (including, but not limited to, the attorney-client privilege or the work product doctrine), whether or not such documents or ESI are designated "Confidential" under this Order, shall not constitute a waiver of any applicable privilege or protection by the Producing Party. In the event that a Producing Party inadvertently produces or discloses documents or ESI that it considers to be privileged or otherwise protected from disclosure:

(a) The Producing Party shall give written notice of the inadvertent production or disclosure to the receiving Subject Person within a reasonable time after the discovery of such inadvertent production or disclosure. Notwithstanding the foregoing sentence, if the inadvertent production or disclosure is, or should have been, discovered during a deposition, then the Producing Party must immediately give notice orally and instruct the witness not to testify about matters claimed to be privileged or protected. In the event that a Producing Party provides notice pursuant to this subparagraph (a), the Producing Party shall preserve the document or ESI in question until the claim of privilege or protection is resolved.

(b) Within 5 days of receiving the notice described in subparagraph (a) directly above, the receiving Subject Person shall either return to the Producing Party, or certify that it has retrieved and destroyed, the document or ESI in question and any and all copies thereof. To the extent that information contained in the document or ESI in question has already been used or described in other documents generated or

maintained by the receiving Subject Person (including, but not limited to, notes and work product), the receiving Subject Person shall also certify that all such other documents have either been retrieved and destroyed or sequestered pending resolution of the claim of privilege or protection. Absent a ruling that the document or ESI in question is not privileged or protected, a receiving Subject Person may not disclose or make any use whatsoever of the document or ESI, or of any information contained solely therein, or of any information derived solely from such document or ESI. Further, if the receiving Subject Person has disclosed the document or ESI in question to others before being notified of the claim of privilege or protection, then the receiving Subject Person must take reasonable steps to retrieve and return or destroy the disclosed document or ESI.

(c) Upon receiving a privilege log identifying a document or ESI that has been returned or destroyed pursuant to subparagraph (b) directly above, the receiving Subject Party remains free to challenge any claim of privilege or protection, but shall not assert that a waiver of any privilege or protection has occurred by virtue of the inadvertent production or disclosure of such document or ESI. Upon a determination by the Court that the specified document or ESI is protected by the applicable privilege, if any documents were previously sequestered rather than returned or destroyed, the receiving Subject Person shall promptly return or certify that it has retrieved and destroyed such previously-sequestered documents.

17. Nothing in Paragraph 16 of this Order is intended to supersede or modify any attorney's obligations under the applicable rules of professional conduct.

18. Any notices required by this Order shall be directed to the Subject Person's

counsel of record.

19. Within 45 days of the final conclusion of all aspects of this litigation, including any and all appeals, the Subject Parties shall either (a) assemble and return all materials in their possession that have been designated as "Confidential" to the Producing Party of such materials; (b) destroy all "Confidential" materials in their possession; or (c) retain copies of "Confidential" materials so long as such materials are held in the strictest confidence and remain subject to the provisions of this Order. The parties will also ensure to the best of their abilities that all Subject Persons receiving "Confidential" Discovery Material have complied with this Paragraph, and will certify to the other parties that they have undertaken such efforts.

20. This Order shall not in any way affect the proper scope of discovery in this Action or affect the right of any Subject Person to oppose disclosure or production of Discovery Material on any ground permitted by the Federal and Local Rules of Civil Procedure, or other applicable law, including any applicable privilege or immunity. Moreover, nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of documents, testimony or other evidence in this Action. No Subject Person waives any right to object on any ground to use in evidence of any of the material covered by this Order.

21. This Order has no effect upon, and its scope shall not extend to, any Subject Person's use of its own "Confidential" Discovery Material.

22. This Order shall not prejudice in any way the rights of any Subject Person to apply to the Court for an order permitting disclosure of any "Confidential" information, or to apply for an order modifying or limiting this Order in any respect, or to apply to the Court for an additional protective order relating to any purportedly confidential information or documents.

23. Nothing in this Order shall prevent a Subject Person who has designated

Discovery Material as "Confidential" from agreeing to release any such material from the requirements of this Order.

**IT IS SO STIPULATED:**

DATED: July 22, 2025

/s/ Matthew I. Schiffhauer
Matthew I. Schiffhauer
KAUFMAN BORGEEST & RYAN LLP
1205 Franklin Avenue
Garden City, NY 11530
Telephone: (516) 200-7903
E-mail: mschiffhauer@kbrlaw.com

*Counsel for Defendant Hana Shahin*

/s/ John Dellaportas
John Dellaportas
EMMET, MARVIN & MARTIN, LLP
120 Broadway, 32nd Floor
New York, NY 10271
Telephone: (212) 238-3092
E-mail: jdellaportas@emmetmarvin.com

*Pro Se Plaintiff*

\* \* \*

## ORDER

**IT IS SO ORDERED**, this 24 day of July, 2025.

_____
VALERIE FIGUEREDO
United States Magistrate Judge

The Clerk of Court is respectfully directed
to terminate the motion at ECF No. 34.

## APPENDIX A:

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order (the "Order") entered in the case captioned *Dellaportas v. Shahin*, Civil Action No. 1:24-cv-00793-VM (S.D.N.Y.), has had an opportunity to review the Order, and is fully familiar with all of the terms of the Order.  By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Order and to submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of enforcing the terms of the Order.

Signature:_____

Print Name: _____

Address: _____

Date Signed: _____