

# EMMET, MARVIN & MARTIN, LLP
## COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

August 15, 2025

**Via ECF**

U.S. Magistrate Judge Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

Re:  *Dellaportas v. Shahin*, 1:24-cv-00793-VM-VF—*Ltr. Motion for Discovery Conf.*

Dear Judge Figueredo:

I am the plaintiff in the above-referenced action.[1]  Pursuant to Individual Practice II(c)(2), I respectfully submit this letter motion for a discovery conference on my desired Rule 45(d)(2)(i) motion to compel production of my Subpoena upon Microsoft Corporation. (Exh. A.)

### Certification of Compliance With Individual Practice II(c)(1)

Pursuant to Individual Practice II(c)(2), I certify that: (a) I met and conferred telephonically with counsel for Microsoft on multiple occasions, the most recent being on July 21, 2025 at 12:00 PM Eastern; (2) the conference was approximately 20 minutes in length; (3) the attorneys participating are named at the bottom of this letter; (4) Microsoft's position (as discussed below) was that Microsoft will not be producing any documents nor any witness in response to my Subpoena; and (5) after urging counsel to reconsider that position, without success, I indicated that there was an impasse and I would be requesting a conference from the Court.

### Background Of Libel

The full background is set forth in my Amended Complaint (Dkt. 13) and Judge Marrero's August 7, 2024 Decision and Order Granting In Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 19).  In brief, this libel case arises out of a disagreement between Defendant Hana Shahin and myself over Defendant's efforts to unfairly fire the beloved Superintendent of the building we then shared, Fernando "Tito" Castillo. (Defendant had succeeded me as President of the Board of our condominium association, but was later voted out.)

Rather than keep the dispute on a civil level, Defendant set about to destroy my personal and professional life.  Over a three-day period, January 29-31, 2022, Defendant—falsely posing as a "veteran of the Vietnam War that took place in the 60s"—drafted an email which was then sent from an anonymous Hotmail account to hundreds of my friends, neighbors, clients, partners and coworkers, fabricating allegations against me of fraud, embezzlement, professional

---

[1]  While I am technically a *pro se* plaintiff, I am also an attorney admitted to practice in this District, with an active NextGen PACER account.  As I am uncertain whether Individual Practice I(d) applies to me, I respectfully request leave to continue making submissions in this case through ECF.

misconduct and other alleged acts of criminality and sexual immorality. While Defendant has denied sending the Hotmail email, the email was traced to the Netherlands, a country where Defendant was raised and still has family and friends, but with no other connection to our NYC apartment building. (On pages 6-7 of the Decision and Order, Judge Marrero summarizes all the significant additional evidence that Defendant was plausibly the sender.)

### Microsoft Subpoena

The main focus of discovery in this case is the identity of the Hotmail accountholder. That identity lies in the possession, custody and control of Microsoft Corporation, which owns Hotmail. Shortly after the libelous email was sent, on February 18, 2022, I sent Microsoft's counsel a letter (Exh. B) directing the company to preserve all data relating to the Hotmail account at issue. Thereafter, as part of this action, I served Microsoft with the Subpoena at issue here (Exh. A), through its New York state registered agent for service of process. (Exh. C.)

The Subpoena strictly complied with the requirements of 18 U.S. Code § 2702, in that it sought only subscriber/customer data, and not content data. The place of compliance was set at "120 Broadway, 32nd Floor, New York, NY 10271" but Microsoft was also given the option: "Materials can be produced electronically at jdellaportas@emmetmarvin.com."

The Subpoena sought the following data, along with a corporate representative to testify as to same: "All non-content data (to the extent available), including all subscriber information (such as account holder name, email address(es), address, telephone number, and IP address at time of registration), complete internet connection logs (including ISP, date and time for each access), complete Internet Protocol (IP) addresses for each log in and log off, Media Access Control (MAC), Xbox Gamertag, status of account, date account opened and closed, billing records, and all other registration information, for the following email account: Rayvet40@hotmail.com from the moment of account opening to the present day."

### Microsoft's Objections

On July 18, 2025, Microsoft served its Objections. (Exh. D.) Space limitations prevent me from addressing them all, but Microsoft's counsel cited three main grounds.

First, "Microsoft objects to the subpoena because the requested material is subject to foreign data privacy laws and cannot be provided without accountholder consent. This includes without limitation EU Regulation 2016/679, the General Data Protection Regulation ("GDPR"), and/or any other foreign data privacy laws that might apply." Neither in its Objections, nor in the subsequent meet and confer, did Microsoft identify the specific provision of the GDPR (a lengthy regulation) which it maintained applies here, because none does.

Annexed hereto as Exhibit E is the Declaration on Foreign Law of David Parnes, Esq., a University of Cambridge-trained expert on EU Law. As he explains therein:

> The GDPR is an EU regulation on information privacy. It governs the transfer of personal data outside the EU, and places certain constraints thereon. Those constraints, however, do not prevent Microsoft from complying with the Subpoena. Under Article 49(1)(e) of the GDPR, a data transfer to a non-EU nation such as the United States is expressly permitted if "the transfer is necessary for the

establishment, exercise or defence of legal claims." This covers a wide range of activities, for example, in the context of formal pretrial discovery procedures in civil litigations. *See* [EDPB] Guidelines 2/2018 on derogations of Article 49 under Regulation 2016/679…. Notably, the "legal claims" are not just those of the controlling party (in this case, Microsoft). As set forth in EDPB Guidelines, there is also "no doubt that the interest of a third party in obtaining the personal information of a person who damaged their property in order to sue that person for damages can be qualified as a legitimate interest." *See* EDPB Guidelines 1/2024 on processing of personal data based on Article 6(1)(f) GDPR Version 1.0 … at 11 ….

Given the dispute as to authorship, the necessity requirement is plainly met here. As Your Honor held in *Strike 3 Holdings, LLC v. Doe*, 2024 WL 1704940, *3 (S.D.N.Y. Apr. 19, 2024), a subpoena is needed where "John Doe can only be reliably identified by cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs." *Accord, e.g., Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 521 n.1 (S.D.N.Y. 2019) ("Courts in this district routinely find 'good cause' for expedited discovery to determine the identity of John Doe defendants where a Plaintiff is able to make out a prima facie case and is otherwise unable to identify the Defendants without a court-ordered subpoena") (collecting cases).

Further, and in any event, the Courts in this and other Circuits have uniformly held that, other that cost allocation issues, the GDPR does not inhibit domestic parties from complying with domestic subpoenas, even for information stored in Europe. *See Corel Software, LLC v. Microsoft Corporation,* 2018 WL 4855268, **1-2 (D. Utah, Oct. 5, 2018) (Court "not persuaded by Microsoft's arguments" as to "alleged tension [of subpoena] with GDPR"); *U.S. v. Payward Ventures, Inc.,* 2023 WL 4303653, *17 (S.D.N.Y. June 30, 2023) (rejecting "vague suggestion that disclosure might violate the EU's GDPR"); *In re Hansainvest Hanseatische Investment-GmbH*, 364 F.Supp.3d 243, 252 (2018) (Sullivan, C.J., sitting by designation);

Second, Microsoft objects "because the demanded place of appearance, New York, NY, fails to comply with federal law." Under Rule 45(d)(1)(B)(i), "the serving party may move the court for the district where compliance is required [*i.e.,* this District] for an order compelling production or inspection." Rule 45(c)(1), in turn, requires compliance be "within 100 miles of where the person … regularly transacts business in person." Here, per the *New York Post*, Microsoft regularly does business out of a 150,000 sq. foot office at 122 Fifth Avenue—roughly miles from the site of compliance. *See also* Advisory Committee's Notes to Rule 45 (noting that, "[u]nder Rules 45(d)(2)(b), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)").

Third, Microsoft claims it "has determined that the requested IP logs are not within its possession, custody, or control." That is not a basis for noncompliance. To the contrary, given the 2022 document preservation letter, it is an admission that evidence spoliation has occurred, and thus testimony is especially critical to determine the scope thereof.

I thank the Court for its consideration.

                                                    Respectfully,
                                                    */s/ John Dellaportas*
                                                    John Dellaportas

Encls.

EMMET, MARVIN & MARTIN, LLP                                                                 4

cc:   Counsel to Microsoft [via email]
      Alex Eppenauer (AlexEppenauer@dwt.com)
      James Gamboa (JamesGamboa@dwt.com)
      Jim Howard (JimHoward@dwt.com)
      Charlotte Wasserstein (CharlotteWasserstein@dwt.com)

> **MEMO ENDORSED**
>
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE  **Dated:** 8/19/25
>
> The motion at ECF No. 41 will be addressed at the September 23, 2025 conference. Plaintiff is directed to serve a copy of this order and notice of the conference scheduled at ECF No. 40 on Microsoft.
>
> The conference is scheduled for **Tuesday, September 23, 2025 at 10 a.m.** in Courtroom 17-A, 500 Pearl Street, New York, New York.