

**EMMET, MARVIN & MARTIN, LLP**
COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

www.emmetmarvin.com

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

August 29, 2025

**Via ECF**

U.S. Magistrate Judge Valerie Figueredo
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1660
New York, New York 10007

    Re:  *Dellaportas v. Shahin*, 1:24-cv-00793-VM-VF—Ltr. Motion for Discovery Conf.

Dear Judge Figueredo:

    I am the plaintiff in the above-referenced action.  Pursuant to Individual Practice II(c)(2), I respectfully submit this letter motion for a discovery conference on my desired Rule 45(d)(2)(i) motion to compel production of my Subpoena upon Nord VPN S.A. (Exh. A.)

### Certification of *Attempted* Compliance With Individual Practice II(c)(1)

    Pursuant to Individual Practice II(c)(2), I certify that I sought three separate times, over the course of a week, to engage in a telephonic conference with counsel for Nord VPN, most recently on Friday, August 15, 2025; however, Nord VPN rejected each of my requests.  The final rejection came by email dated August 19, 2025 and stated in full:

> "Thank you for your message. While we understand your request for a telephone conference, we must respectfully decline. For accuracy and consistency, we handle such matters strictly in writing.  As previously noted, nordvpn s.a. is a Panamanian company, and any request for user data must comply with the procedures established by Panamanian law and relevant international conventions. The subpoena you referenced does not meet those requirements and, in any case, the specific information sought is not retained by nordvpn s.a."

(Exh. B.)  In response, I notified Nord VPN that I considered the parties to be at an impasse, and that I would be requesting a conference from this Court.

### Background

    The full background is set forth in my Amended Complaint (Dkt. 13), Judge Marrero's August 7, 2024 Decision and Order Granting In Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 19), and my prior submission to Your Honor (Dkt. 41).

    In brief, at around 7:00 p.m. on January 29, 2022, an anonymous blast email was sent to hundreds of my friends and neighbors falsely accusing me of fraud, embezzlement, professional misconduct and other alleged acts of criminality and sexual immorality.  Shortly thereafter, the same libelous email was sent *individually* to all 42 of my firm attorney colleagues.

EMMET, MARVIN & MARTIN, LLP                                                                                      2

My firm's IT Department thereafter documented that, a few minutes before that second batch of 42 emails were sent, someone (presumably the same person) accessed the Emmet Marvin web site and individually looked up the email addresses for all 42. Further investigation revealed that the Internet number resource of the person who accessed my firm's web site was "assigned to B2C VPN services provider nordvpn s.a., a corporation organized under the laws of the Republic of Panama, under registration number 155694934." (Exh. C.)

NordVPN advertises itself as "a leading cybersecurity company that helps millions of users worldwide shield their online activity." https://www.newyorkcityfc.com/news/nordvpn-joins-new-york-city-fc-as-official-partner. It regularly transacts business in New York and this District, including by regularly advertising on the NY1 cable TV news network, and by sponsoring the New York City FC soccer team. *Id.* The Company is also currently a defendant in a consumer class action in this District. *See Kandeh v. Nordvpn S.A.,* Case #: 1:25-cv-02571-ER

**The Subpoena At Issue**

On April 8, 2025, pursuant Rule 4(f)(2)(C)(ii), through the SDNY Clerk of Court, I served a Subpoena *Duces Tecum* upon Nord VPN (Exh. A) via a "form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Thereafter, I never received back the receipt, nor a timely objection. Therefore, I emailed Nord VPN another copy of the Subpoena, using the email address that Nord VPN designates on its own web site for legal related inquiries, requesting a conference. https://my.nordaccount.com/legal/privacy-policy/.

As noted above, the only (untimely) objection I ultimately received was that "any request for user data must comply with the procedures established by Panamanian law and relevant international conventions." However, Nord VPN identified no specific Panamanian procedures or conventions I failed to follow. As Panama is not a signatory to the Hague Service Convention, I can serve by "mail that the clerk addresses" pursuant to Rule 4(f)(2)(C)(ii) "unless prohibited by the foreign country's law." According to *Hague Law Blog*, Panama does not prohibit such service. https://www.haguelawblog.com/2024/07/how-to-serve-process-in-panama/.

While Nord VPN did not return the receipt, the Rule does not strictly require it, and in any event, Nord VPN has since acknowledged receipt of my Subpoena by email. (Exh. B.) In the alternative, I respectfully request the Court order my Subpoena as compliant under Rule 4(f)(3) ("by other means not prohibited by international agreement, as the court orders").

Nord VPN should not be allowed to exploit New York to make millions of dollars, while ignoring the lawful process and orders of this Court.

I thank the Court for its consideration.
                                             Respectfully,
                                             */s/ John Dellaportas*
                                             John Dellaportas
Encls.

cc:     Nord VPN (inquiries@nordvpn.com)
        All Appearing Parties (via ECF)

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE   Dated: 9/2/25

The motion to compel will be addressed at the September 23, 2025 conference. Plaintiff is directed to serve a copy of this order and notice of the conference scheduled at ECF No. 40 on Nord VPN. The conference is scheduled for **Tuesday, September 23, 2025 at 10 a.m.** in Courtroom 17-A, 500 Pearl Street, New York, New York.