UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN DELLAPORTAS,

                           Plaintiff,                        **24-CV-793 (VM) (VF)**

            -against-                                 **ORDER**

HANA SHAHIN,

                           Defendant.

-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      On August 15, 2025, Plaintiff submitted a letter motion to compel compliance by non-party Microsoft Corporation with a subpoena issued pursuant to Federal Rule of Civil Procedure 45. See ECF No. 41. Microsoft submitted a letter on August 20, 2025, arguing that Plaintiff's motion to compel compliance with the Rule 45 subpoena must be heard in the Western District of Washington, where Microsoft is headquartered. ECF No. 45. Plaintiff argues that the motion to compel can be heard in this Court because Microsoft regularly transacts business in this District. ECF No. 47 at 1. A conference to address the issue was held on September 23, 2025. See Minute Entry dated Sept. 23, 2025.

      Federal Rule of Civil Procedure 45 requires that a motion to quash a non-party subpoena must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Microsoft argued at the conference that it is headquartered in Redmond, Washington, and the employees who would be the custodians for the records sought by Plaintiff work from Microsoft's office in Redmond, Washington. Hearing Tr. 11:8-20. Under Rule 45, a challenge to a third-party subpoena is to be heard in the district where compliance with the subpoena is required. Marshall Project, Inc. v. City of Cleveland, 24-

MC-309 (VEC), 2024 WL 4589667, at *2 (S.D.N.Y. Oct. 28, 2024). Here, not only is Microsoft headquartered in the Western District of Washington, but the employees who would be responsible for searching and producing information responsive to Plaintiff's subpoena are in the Western District of Washington. Accordingly, any motion to compel Microsoft's compliance with the subpoena should be heard in the Western District of Washington. See Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (concluding that motion to compel should be heard in Northern District of California where non-party was headquartered in that District and "custodians of records reside, are employed, and regularly transact business in person" in that District).

      At bottom, the parties dispute the location of where the subpoena requires compliance: Plaintiff argues that compliance is required in this District because the documents are to be produced to Plaintiff's address in this District, where Microsoft has an office, and Microsoft argues that compliance is where it is headquartered. "When non-party subpoenas involve the production of documents," as is the case here, courts disagree as to "where 'compliance' actually occurs—where the subpoena directs the delivery of documents, or the residence of the non-party recipient (*i.e.*, the place from which the documents are produced)." Cleary v. Kaleida Health, 22-CV-00026 (LJV) (JJM), 2024 WL 1297708, at *3 (W.D.N.Y. Mar. 27, 2024). Courts in the Second Circuit have followed the view that compliance occurs at the residence of the non-party, which here is the Western District of Washington. Id. (collecting cases); see also Marshall Project, Inc., 2024 WL 4589667, at *2 ("Courts in the Second Circuit tend to hold that compliance occurs at the residence of the non-party."). Further, "[c]ourts within this Circuit have fairly consistently held that, under Rule 45, the party issuing a subpoena to a non-party entity can require

compliance only in the district in which the entity is headquartered or at a place within 100 miles of the entity's headquarters." <u>Marshall Project, Inc.</u>, 2024 WL 4589667, at *3. Although Plaintiff relies on the "regularly transacts business" prong of Rule 45 to argue that the motion to quash can be heard in this District because Microsoft has a substantial office in this District, Plaintiff has not cited a case that supports his reading of Rule 45. Accordingly, for the reasons discussed, any motion to quash by Microsoft should be heard in the Western District of Washington.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF Nos. 41 and 47.

**SO ORDERED.**

DATED:   New York, New York
         October 29, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge