**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

JOHN DELLAPORTAS,

                        Plaintiff,                    **24-CV-793 (VM) (VF)**

        -against-                       **ORDER**

HANA SHAHIN,

                       Defendant.

--------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On October 29, 2025, the Court denied Plaintiff's letter motion to compel compliance by non-party Microsoft Corporation with a subpoena, concluding that any motion to compel should be heard in the Western District of Washington. ECF No. 54. On November 12, 2025, Plaintiff filed a letter motion, seeking reconsideration of that order. ECF No. 60. Plaintiff contends that the Court overlooked the decision in Cleary v. Kaleida Health, 2024 WL 1297708 (W.D.N.Y. Mar. 27, 2024), which Plaintiff argues supports his position that the motion to compel Microsoft's compliance should be heard in this District.

But Cleary does not support Plaintiff's contention that the motion to compel Microsoft's compliance should be heard in this District. As stated in the October 29 order, a challenge to a third-party subpoena is to be heard in the District where compliance with the subpoena is required. Marshall Project, Inc. v. City of Cleveland, 24-MC-309 (VEC), 2024 WL 4589667, at *2 (S.D.N.Y. Oct. 28, 2024). As Microsoft previously indicated, the employees who would be responsible for searching and producing information responsive to Plaintiff's subpoena are in the Western District of Washington. As the Court in Cleary explained, the parties in that case disagreed "concerning where the Mercer subpoena

requires compliance," with defendants contending that compliance was required in the place identified in the subpoena where the documents would be delivered and plaintiffs arguing that the place of compliance was Mercer's primary place of business, which was not in the District where the motion to quash was brought. Id., 2024 WL 1297708, at *2. The Cleary court recognized that "[w]hen non-party subpoenas involve the production of documents from a business entity, there appears to be some dispute about where 'compliance' actually occurs—where the subpoena directs the delivery of documents, or the residence of the non-party recipient (*i.e.*, the place from which the documents are produced)." Id. at *3. Recognizing that courts in the Second Circuit follow the view that compliance occurs in the residence of the non-party (from where the documents are produced), the Cleary court further explained that the place of compliance for a corporation generally is within 100 miles of where the corporation is headquartered or the custodian of records resides, is employed, or regularly transacts business in person." Id. Because the defendants had not contested that Mercer's primary place of business was in the Southern District of New York and there was no evidence that Mercer had an office within 100 miles of the Western District of New York, the court concluded that the motion to quash should be heard in the Southern District of New York. Id. at 4.

Following the court's decision, the defendants in Cleary filed a second motion to quash the Mercer subpoenas in the Western District of New York, in which they "clarified that Mercer maintains an office in Rochester, New York, within the Western District of New York, and that Mercer provided its services to the Plan from its Rochester, New York location." Cleary v. Kaleida Health, 2024 WL 4901952, at *14-15 (W.D.N.Y. Nov. 27, 2024). Additionally, the non-parties to whom the subpoenas were directed failed to dispute

2

"that they provided their services to defendants from their Rochester offices." Id. at 15. The Cleary court thus concluded that the Western District of New York was the appropriate District to hear the motion quash. Id.

The Cleary decisions only reenforce the Court's prior conclusion that the motion to compel Microsoft's compliance should be heard in the Western District of Washington. In Cleary, the non-parties had provided services to defendants from their Rochester location, see 2024 WL 4901952, at *15, and thus the documents sought through the subpoenas would presumably come from the Rochester locations of the non-parties. In other words, compliance would occur in the Western District of New York. Cleary, 2024 WL 1297708, at *3 (recognizing that courts in the Second Circuit follow the view that compliance for a document subpoena is where compliance occurs which is the place from which the documents are produced). As already indicated, the Microsoft employees who would be responsible for searching and producing information responsive to Plaintiff's subpoena are in the Western District of Washington. Consequently, compliance would be required in the Western District of Washington and therefore the motion to compel compliance should be heard in that District.

     **SO ORDERED.**

DATED:     New York, New York
           December 2, 2025

                                        _____
                                        VALERIE FIGUEREDO
                                        United States Magistrate Judge